1 **WO**                                                                      KM

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Wilbert Waters, Jr.,                )   No. CIV 05-238-PHX-MHM (DKD)
                                        )
10            Plaintiff,                )   **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    Joseph M. Arpaio,                   )
13                                      )
              Defendant.                )
14                                      )
                                        )
15  ─────────────────────────────      )

16         On January 20, 2005, Plaintiff Wilbert Waters, Jr., presently confined in the Arizona

17  State Prison Complex-Douglas,[1] filed a Civil Rights Complaint by a Prisoner ("Complaint")

18  pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application

19  to Proceed"). This is one of more than one thousand (1,000) civil rights actions filed since

20  September 2004 by Maricopa County Jail inmates.[2]

21         On March 2, 2005, the Court denied Plaintiff's Application to Proceed with leave to

22  ─────────────────────────

23         [1]Plaintiff was incarcerated in the Maricopa County Durango Jail at the time he filed the

24  Complaint.

25         [2]Many inmates apparently believe that they will receive an immediate payout from a fund
    established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The
26  inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time
    expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

27

28

**JDDL-k**

re-file because the Application was not certified by an authorized officer of the institution in which Plaintiff was confined and because Plaintiff did not include a certified account statement.

Plaintiff filed a new Application to Proceed on March 10, 2005, which was not signed by an authorized officer, and an account statement.  This Application was denied by the Court on June 10, 2005, with leave to refile.  Plaintiff was then transferred to the custody of the Arizona Department of Corrections.  On June 22, 2005 and August 1, 2005, Plaintiff filed documents titled "Notice of Attempt to Comply" in which he states that Maricopa County Jail refuses to process his request for a certified inmate account statement because he is no longer incarcerated in the Maricopa County Jail.

**In Forma Pauperis Status**

Title 28 U.S.C. § 1915(b)(1), requires that Plaintiff, as a prisoner, pay the one hundred fifty dollar ($150.00) statutory filing fee for this action.  Because it appears that Plaintiff is no longer able to obtain a certified account statement for the six months immediately preceeding the filing of the Complaint, and in the interest of moving this case forward, the Court will grant Plaintiff in forma pauperis status. Accordingly, Plaintiff will not be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  However, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff should note that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within one hundred twenty (120) days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within one hundred twenty (120) days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

Plaintiff should further note that a prisoner may not bring a civil action without

JDDL-k                                                    - 2 -

1   complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or

2   more occasions, an action or appeal in a federal court that was dismissed as frivolous, as

3   malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner

4   is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

5   **Statutory Screening of Prisoner Complaints**

6           The Court is required to screen complaints brought by prisoners seeking relief against

7   a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

8   1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

9   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

10  be granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if

12  Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

13          If the Court determines that a pleading could be cured by the allegation of other facts,

14  a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the

15  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

16  is required to grant leave to amend "if a complaint can possibly be saved," but not if the

17  Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend

18  if the pleading could be cured by the allegation of other facts, or if it appears at all possible

19  that the defect can be corrected.  Id. at 1130.

20          The Court should not, however, advise the litigant how to cure the defects.  This type

21  of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v.

22  Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n. 13 (declining to

23  decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint

24  will be dismissed with leave to amend because the Complaint may possibly be saved by

25  amendment.

26   **Complaint**

27          Maricopa County Sheriff Joseph M. Arpaio is named as a Defendant to the Complaint.

28  Plaintiff alleges three grounds for relief in the Complaint: 1) while incarcerated in Maricopa

1  County Jails, Plaintiff received inadequate dental care for a toothache, which caused him

2  significant pain; 2) Plaintiff was housed in unsafe, overcrowded conditions; and 3) Plaintiff

3  only received two meals per day.  Plaintiff seeks money damages.

4  **Failure to Link Injuries to Defendant**

5       Plaintiff must allege an affirmative link  between his alleged injuries and the conduct

6  of a Defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  To state a claim against

7  an official, the civil rights complainant must allege that the official personally participated

8  in the constitutional deprivation, or that an official was aware of widespread abuses, and with

9  deliberate indifference to the inmate's constitutional rights, failed to take action to prevent

10  further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See Monell v. New

11  York City Dept. of Social Services, 436 U.S. 658, 691 (1978);  Williams v. Cash, 836 F.2d

12  1318, 1320 (11th Cir. 1988).  There is no *respondeat superior* liability under § 1983, and

13  therefore, a defendant's position as the supervisor of persons who allegedly violated

14  Plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. at 691; West v.

15  Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723

16  F.2d 675, 680-81 (9th Cir. 1984).

17       Plaintiff does  not  allege  that  Defendant  Arpaio  personally  participated  in  the

18  deprivation of Plaintiff's constitutional rights nor does he allege that Defendant was aware

19  of widespread abuses and failed to act.

20  **Failure to State a Claim**

21       **Constitutional Violation**

22       In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct

23  of the Defendants deprived him of a constitutional right.  Haygood v. Younger, 769 F.2d

24  1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986).  Plaintiff has failed

25  to allege the violation of a constitutional right.

26       Specifically,  Plaintiff has failed to the allege that the conditions in the Jail created the

27  "wanton and unnecessary infliction of pain" as required to state a Fourteenth and Eighth

28  Amendment conditions of confinement claim.  Rhodes v. Chapman, 452 U.S. 337, 347

**JDDL-k**                                             - 4 -

1   (1981). The inquiry with respect to pretrial detainees is whether the prison conditions amount

2   to "punishment" without due process in violation of the Fourteenth Amendment. <u>Bell v.</u>

3   <u>Wolfish</u>, 441 U.S. 520, 535 (1979). Generally, a prison's "obligation under the [E]ighth

4   [A]mendment is at an end if it furnishes sentenced prisoners with adequate food, clothing,

5   shelter, sanitation, medical care, and personal safety." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246

6   (9th Cir.1982) (quotations omitted). However, this does not mean that federal courts can or

7   should interfere whenever prisoners are inconvenienced or suffer <u>de</u> <u>minimis</u> injuries. <u>See</u>

8   <u>Bell,</u> 441 U.S. at 539 n.21 (noting that a <u>de</u> <u>minimis</u> level of imposition does not rise to a

9   constitutional violation).

10       Further, to state a § 1983 medical claim under the Eighth and Fourteenth

11   Amendments, Plaintiff must show that Defendants acted with "deliberate indifference to his

12   serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Deliberate indifference

13   may occur if "prison officials deny, delay or intentionally interfere with medical treatment."

14   <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988). A mere delay in medical

15   care, without more, is insufficient to state a claim against prison officials for deliberate

16   indifference. <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th  Cir.

17   1985). Plaintiff must show the delay in treatment was harmful. <u>Id.</u>

18   **<u>Dismissal with Leave to Amend</u>**

19       Although <u>pro</u> <u>se</u> pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519

20   (1972), conclusory and vague allegations will not support a cause of action. <u>Ivey v. Board</u>

21   <u>of Regents of the University of Alaska</u>, 673 F.2d 266 (9th Cir. 1982); <u>Rhodes v. Robinson</u>,

22   612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint

23   may not supply essential elements of the claim that were not initially pled. <u>Ivey</u>, 673 F.2d

24   at 268.

25       Because Plaintiff has failed to affirmatively link his alleged injuries with the conduct

26   of a named Defendant, and has failed to allege a constitutional violation, the Complaint will

27   be dismissed without prejudice. However, in keeping with "the rule favoring liberality in

28   amendments to pleadings," the Court will exercise its discretion and allow Plaintiff to file an

**JDDL-k**

amended complaint, if he so desires, to show what constitutional rights he has been deprived of, and how the conduct of proper defendants deprived him of said rights. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

If Plaintiff chooses to file an amended complaint, he should note that all causes of action alleged in an original Complaint which are not alleged in an amended complaint are waived.  <u>See</u> <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order and may not incorporate any part of the original Complaint by reference.  <u>See</u> Local Rule of Civil Procedure ("LRCiv") 15.1(a)(2).  If Plaintiff cannot fit all of his supporting facts in favor of a particular count on the Court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular count on the Court-approved form, and be numbered appropriately.

**Rule 41(b) Warning**

If Plaintiff fails to timely comply with every provision of this Order, this action will be dismissed without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), <u>cert. denied</u>, 506 U.S. 915 (1992).  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act.  <u>See</u> 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** as follows:

(1) Plaintiff is GRANTED <u>in</u> <u>forma</u> <u>pauperis</u> status;

(2) Plaintiff is OBLIGATED to pay the statutory filing fee of one hundred fifty dollars ($150.00) for this action.  Plaintiff will not be assessed an initial partial filing fee.  However, Plaintiff will be OBLIGATED for monthly payments of twenty percent (20%) of the

preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).  All fees shall be collected and paid in accordance with this Court's Order to the Director of ADOC filed concurrently herewith;

(3)  Plaintiff's "Civil Rights Complaint By A Prisoner" (Document #1) ("Complaint") pursuant to 42 U.S.C. § 1983 is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND.  Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to file an amended complaint in order to state specific allegations of deprivation of constitutional rights against proper defendant(s), to name as defendant(s) the individual(s) who participated in the activities alleged in his amended complaint, to state what injury he has suffered as a result of the activities of the defendant(s), and to show how, prior to filing this action, he exhausted his administrative remedies as to each of his claims for relief.  The amended complaint must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order, may not incorporate any part of the original Complaint by reference, and must contain Plaintiff's original signature.  If Plaintiff fails to file the amended complaint on a current, Court-approved form, the amended complaint will be stricken, and the action dismissed without further notice to Plaintiff.  Any amended complaint submitted by Plaintiff should be clearly designated as an amended complaint on the face of the document;

(4) The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

(5) A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  **Failure**

1   **to submit a copy along with the original pleading or document will result in the**

2   **pleading or document being stricken without further notice to Plaintiff;**

3          (6) At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY

4   ADVISE the Court and the United States Marshal of any change of address and its effective

5   date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice

6   shall contain only information pertaining to the change of address and its effective date,

7   except that if Plaintiff has been released from custody, the notice should so indicate.  The

8   notice shall not include any motions for any other relief.  Failure to file a NOTICE OF

9   CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute

10  pursuant to Federal Rule of Civil Procedure 41(b); and

11         (7)  The Clerk of the Court is DIRECTED to provide Plaintiff with a current, Court-

12  approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

13         DATED this 8th day of January, 2006.

14

15

16   _____

17                   Mary H. Murguia
               United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A**
**PRISONER FILING CIVIL RIGHTS COMPLAINT**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

## I.  Underline: General Information About the Civil Rights Complaint Form:

A.  The Form.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint.  You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

Phoenix & Prescott Divisions:          **OR**          Tucson Division:

U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 321                           U.S. Courthouse, Suite 1500

401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona  85003-2119             Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of____(month)____, (year) , to:
> Name:  _____
> Address:_____
>      Attorney for Defendant(s)*/*Respondent(s)
>
>
> _____
> (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

    1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

    2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

## Part D.  REQUEST FOR RELIEF:

Print the relief you are seeking in the space provided.

## SIGNATURE:

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)          )
                    Plaintiff,    )
                                  )
          vs.                     )   CASE NO. _____
                                  )        (To be supplied by the Clerk)
_____, )
                                  )
_____, )
                                  )   **CIVIL RIGHTS COMPLAINT**
_____, )   **BY A PRISONER**
                                  )
_____, )   ☐ Original Complaint
(Full Name of Each Defendant)     )   ☐ First Amended Complaint
                    Defendant(s). )   ☐ Second Amended Complaint
_____  )

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
<span style="padding-left:6em">(Position and Title)</span> <span style="padding-left:18em">(Institution)</span>

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
<span style="padding-left:6em">(Position and Title)</span> <span style="padding-left:18em">(Institution)</span>

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
<span style="padding-left:6em">(Position and Title)</span> <span style="padding-left:18em">(Institution)</span>

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
<span style="padding-left:6em">(Position and Title)</span> <span style="padding-left:18em">(Institution)</span>

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

4.  Second prior lawsuit:

a.  Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

5.  Third prior lawsuit:

a.  Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number: _____.

d.  Claims raised: _____
_____
_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____.

f.  Approximate date lawsuit was filed: _____.

g.  Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

565236797ae1822a

## C. CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):   _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)            ☐ Mail            ☐ Access to the court            ☐ Medical care
☐ Disciplinary proceedings      ☐ Property         ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?                   ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?          ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.   _____
_____.

4

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail              ☐ Access to the court      ☐ Medical care
                                   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
                                   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                          ☐ Yes      ☐ No
     b.   Did you submit a request for administrative relief on Count II?             ☐ Yes      ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

565236797ae1822a

## COUNT III

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____ .

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)      ☐ Mail            ☐ Access to the court        ☐ Medical care
       ☐ Disciplinary proceedings       ☐ Property       ☐ Exercise of religion        ☐ Retaliation
       ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____ .

5.    **Administrative Remedies:**
       a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes     ☐ No
       b.    Did you submit a request for administrative relief on Count III?          ☐ Yes     ☐ No
       c.    Did you appeal your request for relief on Count III to the highest level?   ☐ Yes     ☐ No
       d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not.  _____
       _____ .

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                    DATE                                       SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.

7