**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilbert Waters, | No. CV 05-0238-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a pro se inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #21). Plaintiff responded, and Defendant replied (Doc. ##23, 24). With leave of the Court, Plaintiff submitted a second response to the motion, to which Defendant did not reply (Doc. #29). The Court will grant Defendant's motion.

**I. Background**

In his Second Amended Complaint Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by insufficient food and overcrowding at the Durango Jail (Doc. #14). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##17, 21).

In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #21). In support, Defendant submitted the affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit (Id., Ex. 1). Tademy attested that officers pass out grievances to inmates as part of their daily duties, and that inmates may grieve all issues

relating to conditions of confinement (Tademy Aff. ¶¶ 9-10). Tademy further attested that, according to sheriff's office records, Plaintiff did not file any grievances during his confinement at the jail (Id. ¶ 12). Defendant also proffered a copy of the jail's Inmate Grievance Procedure, Policy DJ-3, and two pages from the "Rules and Regulations for Inmates" (Ex. 1A, 1C, Doc. #21).

The Court issued an order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #22). Plaintiff filed a response to the Order and asserted that he did not receive a copy of Defendant's motion (Doc. #23). He also alleged that Defendant's move to dismiss the action was merely an attempt to escape responsibility for the alleged violations. In his reply, Defendant argued the Plaintiff failed to submit any evidence to demonstrate that he exhausted administrative remedies (Doc. #24).

In light of Plaintiff's assertion that he did not receive a copy of the Motion to Dismiss, the Court ordered Defendant to mail a copy of the motion to Plaintiff and permitted Plaintiff to file a supplemental response (Doc. #27). Plaintiff responded that he was enclosing copies of letters he sent to the hearing officer regarding overcrowding at the jail; however, the attached documents are actually copies of the Court's Order and Defendant's Notice of Mailing of their motion (Doc. #29). Defendant did not file a reply.

**II. Legal Standard**

A prisoner must first exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, ___ U.S. ___, 2007 WL 135890,

at *8-*11 (Jan. 22, 2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**III. Analysis**

In his verified Amended Complaint, Plaintiff alleged that he submitted a request for administrative relief for each of his counts but did not appeal them to the highest level because he was transferred to the Arizona Department of Corrections (ADC) (Doc. #14 at 4-5). A transfer between two different systems may possibly render remedies unavailable. See, e.g., Bradley v. Washington, 441 F. Supp. 2d 97, 103 (D. D. C. 2006) (denying motion to dismiss for lack of exhaustion where inmate was transferred from jail to federal system, and jail's grievance procedures made no provision for submission of complaint for persons no longer detained in the jail). But Plaintiff has not submitted any specific allegations regarding the date that his claims accrued, when he allegedly filed grievances, and the reasons why he could not complete the process before his transfer. His general allegations do not support his claim. The time frames set forth in Policy DJ-3 are relatively short; therefore, depending on when his initial grievances were filed, Plaintiff might have been able to exhaust if he adhered to the policy's time table.

Moreover, Defendant proffered evidence that Plaintiff was housed in Durango Jail from December 2004 until March 15, 2005 (Tademy Aff. ¶ 11, Ex. 1, Doc. #21). Plaintiff filed this action on January 20, 2005, almost two months before he was transferred out of the jail (See Doc. #1). Without more from Plaintiff, the Court cannot determine whether – if he did file grievances – Plaintiff's ability to appeal was in fact impeded by his transfer to the ADC.

1 | Plaintiff was informed that if Defendant produced admissible evidence in support of his motion, the Complaint would be dismissed unless Plaintiff produced admissible evidence sufficient to show that available administrative remedies were exhausted (Doc. #22 at 2). The Court provided Plaintiff with a second opportunity to produce admissible evidence to overcome Defendant's evidence; specifically, "copies of grievances and affidavits" (Doc. #27 at 2). Despite these warnings, Plaintiff failed to submit any evidence beyond his verified Amended Complaint to demonstrate that he exhausted his available remedies.

The Court finds that Defendant has met his burden to show that a grievance system was available prior to Plaintiff's transfer, and that Plaintiff failed to avail himself of that system. Accordingly, Defendant's motion will be granted and Plaintiff's action will be dismissed without prejudice.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #21) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 12th day of February, 2007.

_____
Mary H. Murguia
United States District Judge